**Angel Santiago DIAZ Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY.**

No. 01–4278.

United States Court of Appeals, Third Circuit.

Submitted June 7, 2002.

Decided June 12, 2002.

Before NYGAARD, BARRY, and MAGILL, Circuit Judges.

## OPINION OF THE COURT

MAGILL, Circuit Judge.

Angel Santiago Diaz seeks review of the District Court's determination that the Administrative Law Judge's ("ALJ") ruling was supported by substantial evidence when he found that Diaz was not disabled in accordance with the Social Security Act. Diaz has not engaged in substantial gainful activity since August 31, 1994, the date on which he alleges he became disabled due to back pain and mental impairment.

Our role as a reviewing court is limited to determining whether the Commissioner's decision is supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quotation and citation omitted); see also 42 U.S.C. §§ 405(g), 1383(c)(3). We are bound by the ALJ's findings of fact if they are supported by substantial evidence in the record. *Plummer v. Apfel,* 186 F.3d 422, 427 (3d Cir.1999).

Diaz challenges the ALJ's decision on at least five grounds. First, Diaz contends that the ALJ failed to engage in a pain analysis. Second, Diaz argues that the ALJ improperly disregarded the opinion evidence of the Sall/Myers organization. Third, Diaz disputes the completeness of the ALJ's written decision. Fourth, Diaz argues that the ALJ dismissed all of his psychiatric evidence "on a whim." Finally, Diaz contends that the ALJ's decision that he is capable of light work is not supported by any objective analysis of the evidence. We have carefully considered Diaz's arguments and find that they lack merit.

First, when considering a claimant's subjective complaints of pain, an ALJ must engage in a two-step analysis. First, an ALJ must determine if the alleged disabling pain could reasonably result from the medically determinable impairment. 20 C.F.R. § 404.1529(b). Second, an ALJ must consider the intensity and persistence of the claimant's disabling pain, and the extent to which it affects his ability to work. 20 C.F.F. § 404.1529(c)(1). In doing so, an ALJ must consider all of the available evidence including any factors relevant to the claimant's symptoms. 20 C.F.R. § 404.1529(c). In this case, while the ALJ made no specific finding concerning the first prong of the "pain analysis," the ALJ's decision concerning the second prong is sufficient to support the ALJ's final decision. *See Ketcher v. Apfel,* 68 F.Supp.2d 629, 651 (D.Md.1999) ("a lack of an explicit finding at the first step of the required pain analysis does not constit reversible error if the ALJ cites to substantial evidence to support his overall finding on his subjective complaint of pain") (citing *Mickles v. Shalala,* 29 F.3d 918, 920–21 (4th Cir.1994)). Thus, the ALJ properly evaluated the claimant's subjective allegations of pain, and his determination that Diaz's testimony was not credible was based on substantial evidence.

Second, it is within the discretion of the ALJ to accord less weight to the report prepared by the Sall/Myers Medical Associates, an organization that specializes in workers compensation ratings, liability evaluations, and treatment, than to other medical reports. *See Williams v. Sullivan,* 970 F.2d 1178, 1185 n. 5 (3d Cir.1992). Third, while the ALJ's written decision lacks a detailed analysis of each piece of evidence, we find the decision sufficient to support the ALJ's final conclusion that Diaz is not disabled. Fourth, the ALJ's decision to dismiss Diaz's psychiatric evidence appropriately states the governing standards for mental impairments, and his

conclusion that Diaz does not have a severe impairment involving any mental disorder is supported by substantial evidence. *See* 20 C.F.R. § 404.1520a. Finally, the ALJ's conclusion that Diaz is capable of performing light work is also supported by substantial evidence. In particular, the evidence demonstrates that Diaz testified that he can walk several blocks, stand for thirty to forty-five minutes, sit for fifteen to twenty minutes, and lift up to ten pounds.

In sum, we find that the ALJ's decision was supported by substantial evidence and we therefore affirm.